# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60101

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GAIL OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-129

Before GRAVES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Gail Owens, federal prisoner # 55119-018, was convicted of possession with the intent to distribute oxycodone, a Schedule II narcotic drug controlled substance, and she was sentenced to 240 months of imprisonment. Without holding the evidentiary hearing that Owens requested, the district court denied her 28 U.S.C. § 2255 motion on the merits. Owens now seeks a certificate of appealability (COA).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60101

Owens contends that her trial counsel "rendered ineffective assistance by inducing her to plead guilty by making misrepresentations regarding the sentence she would receive." She also argues that the district court erred in not granting her request for an evidentiary hearing regarding her claim.

This court will grant a COA, which is required to appeal, only when the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If a district court has denied the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Owens has not made the requisite showing. *See Slack*, 529 U.S. at 484. We will not consider her newly raised claims that the evidence was insufficient to sustain her conviction, the district court erroneously determined the drug quantity at sentencing, and her trial counsel was ineffective for failing to investigate and failing to appeal the denial of her motion to suppress. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). Owens's motion for a COA and motion to proceed in forma pauperis (IFP) on appeal are therefore denied.

We construe Owens's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA and IFP DENIED; AFFIRMED.